**Leonard Neyens, Appellant, v. Harry L. Hossack et al., Appellees.**

**Gen. No. 5,011.**

1. PRACTICE—*section 18 of Practice Act of 1907 construed.* This provision has no application to cases wherein the pleadings were settled prior to July 1, 1907.

2. NEGOTIABLE INSTRUMENTS—*what not promissory notes.* Held, that the instruments, copies of which are set forth in the opinion, are not negotiable promissory notes, but that the same are mutual contracts.

Assumpsit. Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

LESTER H. STRAWN and DAVID G. CAIRNS, for appellant.

BROWNE & WILEY and McDOUGALL & CHAPMAN, for appellees.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was an action in assumpsit brought by appellant against appellees in the Circuit Court of La Salle county, upon two alleged promissory notes. Each was for the sum of $130. One was due 150 days after date,

the other 180 days after date. Both were payable to the order of the Acme Food Company, and by it indorsed to appellant.

The declaration counted on each note or instrument and added the common counts. The first special count averred that, on February 21, 1903, appellees made their promissory note and delivered the same to the Acme Food Company, and by the style of Hossack & Shanley promised to pay, 150 days after date to the Acme Food Company, $130 for value received, with interest after maturity; and that said Acme Food Company indorsed the said note to appellant. The second special count averred that appellees, on the said 21st day of February, 1903, made their promissory note and delivered the same to the Acme Food Company, and, by the style of Hossack & Shanley, promised to pay, 180 days after date, $130 for value received, with interest after maturity, and that said Acme Food Company indorsed the same to appellant. A demurrer was interposed to the declaration and overruled. Appellees abided by the demurrer, the common counts were withdrawn, and judgment was entered for appellant. Afterwards, the judgment was opened, and on leave of court, appellees plead the general issue, and gave notice of special defenses. The common counts were refiled.

On the trial, appellant introduced two written instruments, and proof of the amount due thereon, with interest at the rate of 5% per annum, and rested. Thereupon, on motion of appellees, the court excluded the evidence, and directed the jury to return a verdict for appellees, and such a verdict was returned. A motion for a new trial was denied. Judgment was entered on the verdict, and plaintiff below appealed.

Appellant's contention is, that the instruments introduced in evidence are promissory notes, and assignable, and therefore title passed to him by the assignment on the back thereof; and also, that if they were not assignable he could recover under section 18 of the

Practice Act of 1907.  This latter position is untenable, because this suit was begun in 1904, and the pleadings were settled before July 1, 1907.  Moreover, no attempt was made to make the pleadings conform to said section 18 of the Practice Act of 1907.  Therefore we are clearly of the opinion that the controversy must be decided regardless of the act of 1907.

The writing declared on in the first special count, was in the words and figures following:

"Entered.          State, Ill.          Town, Ottawa.
                                         2-21-1903.
Acme Food Co.,
    161-167 South Canal Street, Chicago, Ill.     (448)
Please ship to Hossack & Shanley,
                Station, Ottawa, Ill.
Goods, as follows, F. O. B. Chicago, Ill.
  *    *    *    *    *    *    *    *    *    *    *    *

500 lbs. in 25 lb. Pails Acme Food_____$___6½
  *    *    *    *    *    *    *    *    *    *    *    *

    Total _____$130.00
Four per cent. discount if paid by May 1-03.

150 days after date, for value received, I, we, or either of us promise to pay to Acme Food Co., or order, One Hundred & Thirty Dollars, at Acme Food Co.'s office, Chicago, Ill. with interest after maturity until paid.
    July 21-'03                    Hossack & Shanley.

We, the undersigned, agree with Hossack & Shanley, of Ottawa, State of Ill., executing above order, as follows:

You are expected and instructed to sell Acme Food strictly on its merits, as guarantee provided, and to warrant and guarantee said Food to each customer, if used and fed according to printed directions.  And we agree in all cases, where your customers have fed to Food as aforesaid, and furnish us with their affidavit on the printed form furnished by us, to ship you, free of charge, F. O. B. on the cars at your station, as many pounds, not exceeding 500 lbs. to a single customer, as shall appear by such affidavit to have been used by such customer.  It is understood that this war-

ranty shall cover in each case only the first sale made
to each individual customer.   All blank spaces in said
affidavit must be filled in ink before the same is exe-
cuted, and the party executing same must clearly and
explicitly state that he has fed said food in accord-
ance with our instructions, detail the manner of feed-
ing same, and that his stock has derived no benefit
therefrom, otherwise this warranty is of no force or
effect.

ACME FOOD CO.,<br>
Sole Mfrs. Acme Food,<br>
161-167 So. Canal St., Chicago, Ill.

No Agreement Recognized Unless in
Writing on this Sheet.

BLAYNEY, Salesman.

Form A.''

Indorsed on the back as follows:

"Pay to Leonard M. Neyens.<br>
ACME FOOD CO.<br>
By Geo. H. Simpson<br>
Mang.''

The instrument declared on in the second count, and
admitted in evidence, was like that in the first, except
that the money was due in 180 instead of 150 days.

If the parts of these agreements providing for pay-
ing the Acme Food Company $130 in 150 days, and $130
in 180 days after date, could be severed from all that
precedes, and all that follows them, they would consti-
tute negotiable promissory notes.   But they are not so
severed or separated, and no authority to so sever
them existed.

We are clear, first, that if any division of the papers
can be made, it must include all the upper half, from
the date down to and including the signature of appel-
lees.   If so considered, they are not unqualified prom-
ises to pay money, but are orders, addressed to the
Acme Food Company, directing it to ship certain goods
to appellees at Ottawa, Illinois, at certain prices, and
the meaning of the promise to pay, embodied in the in-
struments, is that if shipped as ordered, appellees will

pay the sum named in the schedules contained in the agreement. In legal effect, these orders or instruments are not different from letters of the same date, addressed to the Acme Food Company, saying, "Ship the subscribers or undersigned, free on board cars, addressed to the undersigned at Ottawa, Illinois, 500 lbs. Acme Food, in 25 lb. pails, at .06½ amounting to $130 and another order of like kind and amount, and we will pay therefor $130 in 150 days, and $130 in 180 days after date." Such would not be negotiable promissory notes. The price of goods so ordered could not be recovered upon the declaration in this case, for neither count thereof avers that the goods, in the instruments mentioned, were ever shipped, nor was there any proof that they were ever shipped.

We are of the opinion further that the entire document, both the parts signed by appellees, and the parts signed by the Acme Food Company, are entire contracts, and no different in legal effect from what they would have been if both parties had signed at the foot of the entire document. They are mutual contracts, containing mutual agreements, and the promise to pay a certain sum by one party on the performance of the other, and they cannot be severed and turned into negotiable promissory notes.

Our conclusion is that as the instruments set up in the special counts of the declaration were not, as appellant averred, negotiable promissory notes, and they being the only proof relied on by appellant to obtain a judgment, there was no evidence upon which a jury could find a verdict for appellant, and that there was no error in the trial court in directing a verdict for appellees.

The judgment is therefore affirmed.

*Affirmed.*